IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN BROWN,

        Plaintiff,

v.                                                                                 CIV 97-825 BB/KBM

JOE WILLIAMS, Warden, et al.,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is *sua sponte* before the Court upon Plaintiff's Complaint and Petition for Lawsuit *(Doc. 1)*. Plaintiff claims damages under 42 U.S.C. § 1983, alleging that he was injured when Defendants failed to protect him from an attack by other inmates. Having recently reviewed the record in this and other cases filed by the plaintiff,[1] I conclude that this lawsuit is barred by 28 U.S.C. § 1915(g)[2] of the Prison Litigation Reform Act of 1995.

---

[1] A court may take judicial notice of its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) *cert. denied sub nom Long v. Carlson*, 419 U.S. 958 (1973).

[2] 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Background*

The district court previously dismissed this case on August 21, 1997 because Plaintiff had three prior dismissals for purposes of § 1915(g).[3] *(Doc. 6)*. On appeal, however, the Tenth Circuit Court of Appeals vacated the judgment and remanded. *Order and Judgment of July 29, 1998*. The Tenth Circuit agreed that two prior dismissals fell within the definition of "prior occasion" under § 1915(g). These two "prior occasion" dismissals were in *Brown v. Brennan*, No CIV 94-1010 (D.N.M. Sept. 30, 1994) and *Brown v. McAllister*, No 97-2035 (10th Cir. Mar. 19, 1998).

The third dismissal relied upon by the district court, however, did not qualify because it was later vacated on appeal and remanded for Plaintiff to amend his complaint. *See Brown v. New Mexico District Court Clerks*, No. CIV 96-968 (D.N.M. Jan. 22, 1997) (vacated in *Brown v. New Mexico District Court Clerks*, No. 97-2044 (10th Cir. Mar. 19, 1998)). Indeed, Plaintiff did file an amended complaint in CIV 96-968 JP/RLP. On October 7, 1998, however, the District Court dismissed Plaintiff's claims therein as either frivolous and or for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Moreover, the Tenth Circuit dismissed his appeal of that dismissal as frivolous. *See* CIV 96-968 JP/RLP *(Docs. 19 and 22 therein)*.

*Analysis and Conclusion*

Much has changed since the July 29, 1998 remand of the present action. The intervening dismissals by the District Court and by the Tenth Circuit Court of Appeals in CIV 98-968 JC/RLP now count as two more strikes, giving Plaintiff a total of four strikes or "prior occasions" under §

---

[3] Under § 1915(e)(2)(B), the court shall dismiss an action or appeal that is frivolous, malicious, or fails to state a claim. *Id*. at subsections (e)(2)(B)(i) and (ii).

1915(g).[4]  Because, as of this date, Plaintiff has on at least four prior occasions had judgments or orders by federal courts dismissing his claims as frivolous or for failure to state a claim, I conclude that § 1915(g) bars Plaintiff from proceeding *in forma pauperis* in the present action.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The District Court set aside its July 7, 1997 order granting Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915, and deny him leave to proceed *in forma pauperis  (Doc. 3)*;

2.  The Court stay consideration of the merits of the lawsuit; and

3.  The District Court enter an order requiring Plaintiff to pay the filing fee of $150.00 within a specified time, or risk dismissal of his action without prejudice and without further notice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] In *Jennings v. Natrona County Detention Center*, 175 F.3d 775 (10th Cir. 1999), the Tenth Circuit instructed: "If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." *Id*. at 781.

**Plaintiff, pro se:** Marvin Brown
Santa Fe, New Mexico

**Counsel for Defendants:** Ida Lujan
New Mexico Corrections Department
Deputy General Counsel
Santa Fe, New Mexico